RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 6/10/08

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| GERALD ARCENEAUX, PAMELA E. ARCENEAUX AND GERALD'S TRUCK REPAIR AND TOWING, INC. | CIVIL DOCKET NO. 04-1033 |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY, LOUISIANA STATE POLICE, TROOPER BENNY BROUSSARD, TROOPER PAUL PERRY | MAGISTRATE C. MICHAEL HILL |

*******************************************************************************

## REASONS FOR JUDGMENT

A.   **Facts**

On March 25, 1999, Defendants executed a search warrant at Plaintiffs business. Defendants searched and seized vehicles, records and other items and detained Plaintiff, Gerald Arceneaux. As a result of the arrest, Gerald Arceneaux was incarcerated until a 72 hour hearing was conducted, at which time bond was set, and he was charged with 30 counts of Injury to Public Records (*La.R.S. 14:132*) and Theft (*La. R.S. 14:67*). Prior to executing this search warrant, Trooper Paul Perry's daughter's car had been towed by Gerald's Truck Repair and Towing, Inc.

Plaintiffs filed suit in the above-captioned matter seeking damages for injuries allegedly sustained due to the arrest of Gerald Arceneaux and the search of his business. Defendants answered asserting qualified immunity. Defendants Perry and Broussard filed a Motion for

Summary Judgment (Doc. 20) which was granted in part and denied in part on February 15, 2007. The summary judgment was granted as to all Plaintiffs' claims against Defendants with the exception of Plaintiffs' claims pursuant to *42 United States Code 1983* and state law claims for false arrest and malicious prosecution. Defendants now re-urge and renew their previous positions with additional arguments to defeat Plaintiffs' causes of action in their Second Motion for Summary Judgment (Doc. 35).

**B.  Defendants' Contentions**

    **A.  Individual-Capacity or Personal-Capacity Federal Claims Under 42 U.S.C. 1983**

Defendants contend that the arrest and search and seizure were made pursuant to valid warrants, based on probable cause, did not violate federal Constitutional rights or state law, and that Defendants are entitled to qualified immunity. Alternatively, Defendants contend that claims against the Defendant Perry should be dismissed because he did not obtain the arrest or search warrants. Defendants also contend that Plaintiffs' state law claim for false arrest has prescribed and should be dismissed.

Defendants argue that, in determining whether they violated Plaintiff's federal constitutional rights by arresting him (Gerald Arceneaux), the "break in the causal chain" doctrine applies. The doctrine provides that if the facts supporting an arrest are placed before an independent intermediary such as a magistrate, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party. *Taylor v. Gregg, 36 F. 3d 453, 456 (5th Cir. 1994)*. Defendants contend that the arrest warrant signed by 15th JDC Judge Diana Simon evidences a finding of probable cause, and that her signature broke the chain of causation,

insulating Defendants from a false arrest claim.

Defendants likewise contend that the search warrant executed against Gerald's Truck Repair was supported by Benny Broussard's affidavit. Defendants contend that Plaintiffs have failed to present one material issue of fact to support a claim of illegal search and seizure against Broussard or Perry.

Defendants contend that Gerald Arceneaux's claim for false arrest and Gerald's Truck Repair and Towing, Inc.'s claim for illegal search and seizure against Defendant Perry are deficient on additional grounds. An officer who merely participates in an arrest and search and seizure, but was not an affiant and did not participate in preparing or obtaining a warrant, has no liability. An officer may rely, in good faith, on the acts of another officer in procuring a warrant. *Michalik v. Hermann*, 422 F.3d 252, 261 (5th Cir. 2005). Therefore, Defendants insist that the fact that Perry was present when the warrants were executed is insufficient to overcome Perry's claim of qualified immunity.

### (ii) State law Claims

Defendants assert that Plaintiffs' state law claims for false arrest, false imprisonment, and malicious prosecution are deficient on the merits. Under Louisiana law, if a person is arrested pursuant to a valid warrant, there is no false arrest and false imprisonment. *Jenkins v. Baldwin*, 00-0802 (La. App. 4th Cir. 8/29/01), 801 So. 2d 485, 496. Defendants insist that the arrest warrant was based on a magistrate's review, was facially valid and based on probable cause. A finding of probable cause for an arrest defeats a claim for both false arrest and malicious prosecution. *Merritt v. City of Oakdale*, 01-1533 (La. App. 3d Cir. 5/15/02), 817 So. 2d 487.

Defendants also contend that they did not unlawfully obtain a search warrant. Defendants

insist that the search warrant at issue was supported by Trooper Broussard's affidavit, which detailed statements taken from former employees of Gerald's Truck Repair. Warrants for the search and seizure of evidence tending to prove the commission of a crime, issued by a judge and based on probable cause, supported by an affidavit of a credible person, are authorized by state law and not unlawful. *LSA-CCrP Art. 161(A)(3)*.

Finally, Defendants argue that in order to maintain a claim for false arrest or malicious prosecution under federal and state law, Plaintiffs must establish that criminal charges were terminated in Plaintiff's favor. Defendants allege that the final disposition of such charges is unclear. Therefore, Defendants insist that such a disposition does not meet the standard set by the 5th Circuit for what constitutes termination in an accused's favor, a necessary element to federal and state claims for false arrest and malicious prosecution. *Taylor v. Gregg, 36 F. 3d 453 (5th Cir. 1994)*.

C.  **Plaintiffs' Contentions**

(i)  **Individual-Capacity or Personal-Capacity Federal Claims under 42 U.S.C. 1983**

Defendants contend that the "break in the causal chain" doctrine applies and is the doctrine that will free them from any liability for the false arrest of Plaintiff. *Taylor v. Gregg, 36 F. 3d 453, 456 (5th Cir. 1994)*. However, the Plaintiffs argue that the Defendants omit the last sentence of the Court's opinion on the doctrine which states that the chain of causation is broken only where all the facts are presented to the grand jury or magistrate and the malicious motive of the officer does not lead him to withhold any relevant information. *Id. at 457*. Plaintiffs' contend that the "break in the causal chain" doctrine does not apply to the case at hand because it cannot be shown that Trooper Broussard presented the magistrate with all relevant information in this

matter, which is required to break the chain of causation. *Id.*

Plaintiffs' further contend that Defendants cannot meet their burden of showing that there is no genuine issue of material fact as to whether Trooper Broussard provided false information or gave false information in reckless disregard for the truth when he applied for his search warrant since the documents referred to in Trooper Broussard's affidavits are unable to be located.

Plaintiffs' then discuss the fact that Defendants cited <u>Michalik v. Hermann</u>, 422 F. 3d 252 *(5th Cir. 2005)*, for the proposition that Trooper Perry cannot be liable for the false arrest and illegal search and seizure of Plaintiff and his property because he did not participate in preparing or obtaining the warrant. However, Plaintiff insists that this case really holds that officers who neither prepare, present, nor sign the application for a ***search warrant*** are entitled to qualified immunity. <u>Michalik v. Hermann</u>, 422 F. 3d 252, 255 (5th Cir. 2005). Plaintiffs contend that it does not mention anything about an application for an ***arrest warrant***.

Plaintiffs' also contend that this Court's denial of defendants' motion for summary judgment on the issue of qualified immunity was a final judgment. Therefore, if defendants had issue with that judgment, Plaintiffs insist that they should have appealed it, which they did not. As such, Plaintiffs contend that the Defendants cannot bring up the issue of qualified immunity again in this second motion for summary judgment.

**(ii)   State Law Claims**

Plaintiffs allege that the Defendants cannot show that there is no genuine issue of material fact that this arrest warrant was valid because none of the documents used to obtain this arrest warrant can be located. Therefore, Plaintiffs insist that defendants have not met their burden of

showing there is no genuine issue of material fact with regards to these state law claims and their summary judgment should be denied.

Regarding improper search and seizure, Plaintiffs do not dispute defendants' contention that the search warrant at issue was supported by Trooper Broussard's affidavit. Plaintiffs insist, however, that the problem is that Trooper Broussard's affidavit is based on numerous documents which cannot be located. Although an affidavit supporting a search warrant is presumed to be valid, Plaintiffs' insist that presumptions are not enough in a motion for summary judgment.

Finally, Plaintiffs' argue that charges against Gerald Arceneaux were terminated in his favor. Therefore, Plaintiffs' allege that defendants have not met their burden of showing that there is no genuine issue of material fact.

**D. Analysis**

A motion for summary judgment shall be granted if the pleadings, depositions, and affidavits submitted to the Court show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56*. Unsubstantiated assertions, improbable inferences and unsupported speculation are not sufficient to defeat a motion for summary judgment. *Brown v. City of Houston*, 337 F. 3d 539, 541 (5th Cir. 2003).

Plaintiffs' remaining claims rest on their assertion that Gerald Arceneaux's arrest and the search and seizure of the business were in violation of the Fourth and Fourteenth Amendment to the United States Constitution (as to the *42 U.S.C. § 1983* claims) and constituted false arrest, malicious prosecution and improper search and seizure under state law. As to these remaining claims, this Court finds that there are no genuine issues of material facts, for the reasons stated

below.

Regarding false arrest under *42 U.S.C. 1983*, both Plaintiffs and Defendants cite *Gregg* for the "break in the causal chain" doctrine. In *Gregg*, the Court held that "an officer who acted with malice in procuring the warrant or the indictment will not be liable if the facts supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or a grand jury, for that intermediary's independent decision breaks the causal chain and insulates the initiating party;" *Citing Hand v. Gary, 838 F. 2d 1420, 1427 (5th Cir. 1988).* The *Hand* court emphasized that the chain of causation is broken only where all the facts are presented to the grand jury or magistrate and the malicious motive of the officer does not lead him to withhold any relevant information. *Id at 1428.*

In this case, Judge Simon signed the warrant. (Def. Ex. A). Furthermore, in her affidavit, Judge Simon stated that "...based on the information presented to me in the form of warrants, affidavit and application, and any technicalities discussed with Benny Broussard, the Affiant on that day, that the information supported a finding of probable cause for the arrest of Gerald Arceneaux and for the search of the business, Gerald's Towing." (Def. Ex. A). Therefore, Judge Simon's signature did break the chain in causation.

Plaintiffs' argument that the "break in the causal chain" doctrine does not apply to the case at hand because it cannot be shown that Trooper Broussard presented the magistrate with all relevant information in this matter fails. Plaintiffs argue that no one can locate the documents that Trooper Broussard relied on to support his affidavit. Plaintiffs also insist that Broussard's affidavit does not even state exactly what documents he looked at regarding his investigation of Mr. Arceneaux. Contrary to Plaintiffs assertions, Trooper Broussard's affidavit does state

exactly what documents he looked at. For example, he obtained information from Gerald Burdell, a former employee of Gerald's Towing; written statements from Lafayette police officers; and an interview with John Lewis and Johnny Havard, two former employees of Gerald's Towing. (Def. Ex. A). Broussard also showed the contents of documents evidencing the discrepancies between the purchase prices for vehicles actually paid, and the amount reported to the Office of Motor Vehicles. Therefore, Plaintiffs' contention that Judge Simon's findings are based on false information is unsubstantiated and insufficient to preclude the application of the "break in the causal chain" doctrine.

The next issue deals with unlawfully obtaining a search warrant in violation of *42 U.S.C. 1983*. An affidavit supporting a search warrant is presumed valid. *Frank v. Delaware*, *438 U.S. 154, 171 (1978)*. To prevail on a federal claim of unlawful search and seizure, a plaintiff must demonstrate a genuine issue of fact exists as to whether a defendant knowingly provided false information to secure the search warrant or gave false information in reckless disregard for the truth. *Id.* In this case, Plaintiffs have failed to present one material issue of fact to support a claim of illegal search and seizure against Broussard or Perry for the same reasons stated in the aforementioned-paragraph.

Gerald Arceneaux's claim for false arrest and Gerald's Truck Repair and Towing, Inc.'s claim for illegal search and seizure against Defendant Perry are deficient on additional grounds. An officer who merely participates in an arrest and search and seizure, but was not an affiant and did not participate in preparing or obtaining a warrant, has no liability. An officer may rely, in good faith, on the acts of another officer in procuring a warrant. *Michalik v. Hermann*, *422 F. 3d 252, 261 (5th Cir. 2005)*. Paul Perry's name does not appear on the arrest warrant or the search

warrant or the application for search warrant or the affidavit for the arrest warrant. (Def. Ex. A). There is no evidence that he participated in the preparation or presentation of the arrest or search warrants. There are no facts showing Perry knew of any false information in the application for the warrants. Perry testified that he believed Broussard's report upon which the warrants were based to be accurate. (Def. Ex. 4; 13:8-10). Paul Perry was present when the warrants were executed. (Def. Ex. 4; 29:6-9). This fact is alone is, however, insufficient to overcome Perry's claim of qualified immunity.

Regarding state law claims for false arrest and imprisonment, a finding of probable cause for an arrest defeats a claim for both false arrest and malicious prosecution. *Merritt v. City of Oakdale*, 01-1533 (La. App. 3d Cir. 5/15/02), 817 So. 2d 487. The evidence shows that Judge Simon, in her affidavit, stated that there was probable cause. (Def. Ex. A). Therefore, there is no genuine issue of material fact.

The next issue is that state law claim for improper search and seizure. Warrants, for the search and seizure of evidence tending to prove the commission of a crime, issued by a judge and based on probable cause, supported by an affidavit of a credible person, are authorized by state law and not unlawful. *LSA-C.Cr.P. Art. 161(A)(3);162.* Probable cause exists if the facts within the affiant's knowledge or of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence may be found at the place searched. *State v. Green*, 02-1022 (La. 12/4/02) 831 So.2d 962. A magistrate's determination of probable cause to issue a search warrant is entitled to significant discretion. *State v. Robinson*, 03-1350 (La. App. 5th Cir. 3/30/04), 871 So.2d 575, 579.

In this case, the warrant was issued by Judge Simon, based on probable cause, and

supported by the affidavit of Trooper Broussard. Therefore, the warrant complies with *LSA-C.Cr.P. Art. 161(A)(3); 162* and was valid. Plaintiffs have failed to allege or show any facts which would negate the validity of the warrant. Accordingly, Defendants are entitled to a summary judgment on the state claim for improper search and seizure.

Regarding criminal charges, Plaintiff must establish that criminal charges were terminated in the plaintiff's favor in order to maintain a claim for false arrest/malicious prosecution under state/federal law. Plaintiffs' allege the criminal charges against Gerald Arceneaux are dismissed, but fails to specify the manner in which the charges were terminated. However, in their Memorandum, Plaintiffs admit that the Clerk of Courts office will not release any information because the record was expunged. (Doc. 35; Pg. 10). Therefore, it seems that criminal charges were terminated in the Plaintiffs favor, since the record was expunged. As such, Plaintiffs have a right to bring suit against Defendants for false arrest and malicious prosecution.

However, Plaintiffs claim for false arrest and malicious prosecution fails. A finding of probable cause for an arrest defeats a claim for both false arrest and malicious prosecution. *Merritt v. City of Oakdale*, 817 So. 2d 487. As mentioned earlier, the evidence shows that the Judge Simon, in her affidavit, stated that there was probable cause. (Def. Ex. A). Therefore, such probable cause defeats Plaintiffs' claim for false arrest and malicious prosecution.

Consequently, this Court finds that the arrest and search and seizure were made pursuant to valid warrants, based on probable cause, did not violate federal Constitutional rights or state law, and that Defendants are entitled to qualified immunity. Defendants' Second Motion for Summary Judgment (Doc. 35) is hereby **GRANTED**.

E. **Conclusion**

For the reasons set forth above, it is hereby Ordered, Adjudged and Decreed that Defendants' Second Motion for Summary Judgment (Doc. 35) is hereby **GRANTED**. This matter is dismissed with prejudice.

THUS DONE AND SIGNED in Lafayette, Louisiana, on this the ___6th___ day of ___June___, 2008.

CHIEF JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA